```
                    UNITED STATES DISTRICT COURT

                   CENTRAL DISTRICT OF CALIFORNIA


MYFORD JENKINS,                  )   NO. CV 11-1025-DMG(E)
                                 )
             Plaintiff,          )
                                 )
     v.                          )   MEMORANDUM AND ORDER DISMISSING
                                 )
CITY OF LOS ANGELES, et al.,     )   COMPLAINT WITH LEAVE TO AMEND
                                 )
             Defendants.         )
                                 )
_____  )
```

For the following reasons, the Complaint is dismissed with leave to amend. See 28 U.S.C. § 1915(e)(2)(B).

**BACKGROUND**

Plaintiff, an inmate incarcerated at the Los Angeles County Jail, filed this civil rights action for damages pursuant to 42 U.S.C. section 1983 on February 7, 2011. Defendants are the City of Los Angeles, Los Angeles Police Chief Charlie Beck, and Los Angeles Police Officers Lockwood, Cruise and Castro. Plaintiff sues the individual Defendants in their individual and official capacities.

    The Complaint appears to contain two claims for relief: a claim alleging excessive force in violation of the Eighth Amendment and a retaliation claim. Plaintiff alleges that, on August 22, 2010, Plaintiff was walking down the street when Defendants Lockwood and Cruise ordered Plaintiff to stop and place his hands on his head (Complaint, p. 5). Officer Lockwood allegedly applied excessive force to Plaintiff's right hand (*id.*). When Plaintiff allegedly involuntarily "snatched" his hand away, Defendant Cruise allegedly punched Plaintiff on the face with a clenched fist (*id.*). Defendant Lockwood allegedly hyperextended Plaintiff's arm behind his back and punched Plaintiff in the ribs (*id.*). Defendant Cruise allegedly punched Plaintiff in the ribs, kicked Plaintiff in the legs and tasered Plaintiff approximately five times with two taser guns (id., p. 5 & "Supporting Facts, etc.," first page). Plaintiff further alleges that, while Plaintiff was lying in a hospital bed in handcuffs, Defendant Castro assertedly punched Plaintiff in the face with a clenched fist (id., "Supporting Facts, etc.," first page). Plaintiff allegedly suffered fractured ribs, a swollen eye, and excruciating pain in his ribs, legs and upper body (*id.*).

    Plaintiff also alleges that, when Plaintiff's sister arrived at the jail to pick up Plaintiff's personal property, jail officials did not give her Plaintiff's clothing (Complaint, "Claim 2, etc."). Plaintiff alleges jail officials took Plaintiff's clothing in retaliation for making allegations of police brutality against them (*id.*).

///
///

**DISCUSSION**

The official capacity claim against the individual Defendants must be construed as claims against the City. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). Plaintiff may not sue the City on a theory of *respondeat superior*, which is not a theory of liability cognizable under 42 U.S.C. § 1983. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009); Polk County v. Dodson, 454 U.S. 312, 325 (1981); Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1185 (9th Cir. 2002), cert. denied, 537 U.S. 1106 (2003). A municipal entity may be held liable only if the alleged wrongdoing was committed pursuant to a municipal policy, custom or usage. See Board of County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 402-04 (1997); Monell v. New York City Department of Social Services, 436 U.S. 658, 691 (1978). Plaintiff's conclusory allegation that the City "has a history of hiring cops who violate citizens' constitution rights" (Complaint, p. 3) is insufficient. See Ashcroft v. Iqbal, 129 S. Ct. at 1949.

Plaintiff may not sue Police Chief Beck or any other supervisor pursuant to 42 U.S.C. section 1983 on a theory of *respondeat superior*. See Ashcroft v. Iqbal, 129 S. Ct. at 1948 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates on a theory of *respondeat superior*"); Polk County v. Dodson, 454 U.S. at 325. A supervisor "is only liable for his or her own misconduct," and is not "accountable for the misdeeds of [his or her] agents." Ashcroft v. Iqbal, 129 S. Ct. at 1948-49. Mere knowledge of a subordinate's alleged misconduct is insufficient. *Id*.

at 1949.

It appears that Plaintiff may have been a jail detainee at the time of the alleged incident. To the extent Plaintiff purports to allege claims under the Eighth Amendment, the Complaint is insufficient. The Eighth Amendment's prohibition against cruel and unusual punishment applies only after conviction. Pierce v. Multnomah County, Oregon, 76 F.3d 1032, 1042 (9th Cir.), cert. denied, 519 U.S. 1006 (1996).[1]

To the extent Plaintiff alleges any Defendant violated Plaintiff's rights assertedly by causing Plaintiff to be deprived of his property, the Complaint alleges no cognizable claim for relief. Plaintiff appears only to allege a random and unauthorized property deprivation, which does not constitute a denial of due process if state law provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984). California law provides an adequate post-deprivation remedy for random and unauthorized property deprivations. See Barnett v. Centoni, 31 F.3d 813, 817 (9th Cir. 1994).

To state a claim for retaliation, Plaintiff "must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003) (citations and internal

---

[1] However, the same standards apply to pretrial detainees under the Due Process Clause. See Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010); Lolli v. County of Orange, 351 F.3d 410, 418-19 (9th Cir. 2003).

4

quotations omitted). Plaintiff's conclusory allegations of retaliation are insufficient. See <u>Wise v. Washington State Dep't of Corrections</u>, 244 Fed. App'x 106, 108 (9th Cir. 2007), <u>cert. denied</u>, 552 U.S. 1282 (2008) (prisoner's conclusory allegations of retaliation insufficient).

**CONCLUSION AND ORDER**

The Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted thirty (30) days from the date of this Order within which to file a First Amended Complaint. The First Amended Complaint shall be complete in itself. It shall not refer in any manner to any prior complaint. Plaintiff may not add Defendants without leave of Court. See Fed. R. Civ. P. 21. Failure to file a timely First Amended Complaint in conformity with this Memorandum and Order may result in the dismissal of this action. See <u>Paqtalunan v. Galaza</u>, 291 F.3d 639, 642-43 (9th Cir. 2002), <u>cert. denied</u>, 538 U.S. 909 (2003) (court may dismiss action for failure to follow court order); <u>Simon v. Value Behavioral Health, Inc.</u>, 208 F.3d 1073, 1084 (9th Cir.), <u>amended</u>, 234 F.3d 428 (9th Cir. 2000), <u>cert. denied</u>, 531 U.S. 1104 (2001), <u>overruled on other grounds</u>, <u>Odom v. Microsoft Corp.</u>, 486 F.3d 541 (9th Cir.), <u>cert. denied</u>, 552 U.S. 985 (2007) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in complaint, where court had afforded plaintiff opportunities to do so, and where court had given plaintiff notice of the substantive problems with his claims); <u>Plumeau v. School District #40, County of Yamhill</u>, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment

1 | would be futile).

2

3 |     IT IS SO ORDERED.

4

5 | DATED: March 3, 2011

6

7 | *[signature: Dolly M. Gee]*

8 | _____
              DOLLY M. GEE
9 |    UNITED STATES DISTRICT JUDGE

10

11

12 | PRESENTED this 9th day of

13 | February, 2011, by:

14

15 | _____/S/_____
     CHARLES F. EICK
16 | UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28